## BILLINGSLEY v. UNITED STATES.
### No. 47333.

Court of Claims.
June 1, 1948.

Judgment for the plaintiff.

In this proceeding the plaintiff, a Lieutenant Colonel in the Regular Army of the United States, seeks to recover the statutory rental allowance for an officer of his rank and length of service, having a dependent mother. The claim covers the period September 16, 1940 to December 6, 1941, inclusive, and it is agreed that if plaintiff's mother was in fact dependent upon him for her chief support the statutory allowance due for such period is $1,336.87.

## Special Findings of Fact

1. The plaintiff, Roberts H. Billingsley, is 37 years old and presently residing at

Fort Eustis, Virginia. He is in the military service as an officer in the regular army. He was appointed a First Lieutenant, Field Artillery, September 16, 1940; promoted to the rank of Captain, Army of the United States, February 27, 1941; promoted to Lieutenant Colonel, Army of the United States, August 5, 1944, which temporary rank he presently holds in addition to his permanent rank as Captain, Regular Army. His active duty was continuous from September 16, 1940, through November 21, 1947.

2. Plaintiff claims the statutory rental and subsistence allowances for an officer of his rank and length of service, with dependent, for the period from September 16, 1940, to December 6, 1941. He was paid no rental allowance and only one subsistence allowance during this period. He submitted a claim for such allowances to the Comptroller General through the War Department, which claim was denied. After December 7, 1941, plaintiff was paid rental and subsistence allowances for a dependent upon his certification to the effect that his mother was dependent upon him for her chief support. He was not married.

3. During the period of his claim, plaintiff's mother, Harriet M. Billingsley, was a widow. Plaintiff's father, Chastain M. Billingsley, died December 23, 1921. During the period of the claim plaintiff's mother lived alone. She died March 14, 1944.

4. At the time of the death of plaintiff's father, plaintiff's mother inherited from her husband an estate consisting of real estate and personal property of the value of approximately $15,000, and also she was the beneficiary of life insurance in the amount of $5,000. By the year 1934 the estate and life insurance were exhausted, partly because of poor investments, and the remainder in the support of herself and family.

5. During the period of this claim the mother owned no property other than clothes and personal effects, and she had no income other than money given to her by the plaintiff and his brother, who were her only children. She lived in an apartment, the rent for which, amounting to between $62.00 and $65.00 per month, was paid by plaintiff. Her reasonable living expenses were at least $155 a month.

6. Plaintiff and his brother both made cash contributions to the support of their mother. The brother's contributions averaged approximately $44.00 a month in 1940 and 1941. Plaintiff's cash contributions were at least $44.00 a month. Plaintiff's total contributions therefore averaged from $106.00 to $109.00 per month.

7. Plaintiff did not at any time during the period herein involved occupy Government quarters, except that part of the time he occupied a room in barracks with other commissioned officers and the rest of the time he was given shelter in a tent. He was not assigned nor did he occupy Government quarters suitable for occupancy by himself and his mother. Plaintiff's mother did not at any time occupy Government quarters.

8. Plaintiff's mother was in fact dependent upon plaintiff for her chief support during the period for which claim is made.

9. The amount of rental and subsistence allowances for an officer of plaintiff's rank and length of service, with a dependent mother, for the period from September 16, 1940, to December 6, 1941, is $1,336.87.

### Conclusion of Law

Upon the foregoing special findings of fact which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover $1,336.87.

It is therefore adjudged and ordered that the plaintiff recover of and from the United States the sum of one thousand three hundred thirty-six dollars and eighty-seven cents ($1,336.87).

Mahlon C. Masterson, of Washington, D. C. (Ansell & Ansell, of Washington, D. C., on the brief), for plaintiff.

John R. Franklin, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

The plaintiff, a Lieutenant Colonel, United States Army, made claim for, and in this proceeding seeks to recover, the statutory rental and subsistence allowance for an officer of his rank and length of service, with a dependent, for the period from September 16, 1940, to December 6, 1941, inclusive. It is agreed that this statutory allowance is $1,336.87. The facts established by the proof show that plaintiff's mother was dependent upon him for her chief support. Her reasonable and necessary living expenses were at least $155 a month and plaintiff contributed $109 a month for his mother's support. He is therefore entitled to recover the amount claimed under the provisions of Sections 4, 5, and 6 of the Act of June 10, 1922, as amended by Section 2 of the Act of May 31, 1924, 43 Stat. 250, 37 U.S.C.A. §§ 8, 9, 10.

Judgment for $1,336.87 is accordingly entered in favor of plaintiff. It is so ordered.